# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRUCE PACKAGING, INC., and LAUREN MINNITI, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 14-cv-8029<br>)<br>) |
| v. | ) **JURY TRIAL DEMANDED**<br>) |
| MONTREALIMPORT.COM, a Canadian sole proprietorship, RENE MAJOR, JR., an individual, | )<br>)<br>)<br>) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs Bruce Packaging, Inc. and Lauren Minniti ("Plaintiffs") bring this Class Action Complaint against Defendants MontrealImport.com ("Montreal Import") and Rene Major, Jr. ("Major") (collectively, "Defendants"), on behalf of themselves and all others similarly situated, and complain and allege upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### I.  NATURE OF THE ACTION

1. Montreal Import offers electrical and lighting products to businesses and consumers throughout the United States and Canada. In an effort to market its products and services, Defendants sent unsolicited junk faxes in bulk—"fax blasts"—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiffs nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3. In order to redress these injuries, Plaintiffs seek an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and award of damages for conversion, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a State and Defendants are citizens of a foreign state, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Defendants, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

### III. PARTIES

*Plaintiffs*

7. Plaintiff Bruce Packaging, Inc. is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Bruce Packaging, Inc. is a citizen of the State of Illinois.

8. Plaintiff Lauren Minniti is a natural person domiciled in Broward County, Florida. For purposes of 28 U.S.C. § 1332, Lauren Minniti is a citizen of the State of Florida.

*Defendants*

9. Defendant Montreal Import is a sole proprietorship organized in and existing under the laws of Canada with its principal place of business located at 8011 Jarry Est., Anjou, Montreal, Quebec H1J1H6. For purposes of 28 U.S.C. § 1332, Montreal Import is a citizen of Canada.

10. Defendant Major is an individual domiciled at 165, Car. De la Batture, Terrebonne, Quebec J6W5Z8, Canada. For purposes of 28 U.S.C. § 1332, Major is a citizen of Canada.

11. Major is the sole owner of Montreal Import.

12. On information and belief, Montreal Import employs 1-5 employees, including Major.

### IV. FACTUAL BACKGROUND

13. On or about June 4, 2014, Plaintiff Minniti received the unsolicited fax advertisement attached as Exhibit A.

14. On or about June 5, 2014, Plaintiff Bruce Packaging, Inc. received two unsolicited fax advertisements attached as Exhibits B-C.

15. The faxes contain the following opt-out notice: "Toll Free Fax Remove Call Here 1-866-899-1963."

16. The opt-out notice, however, does not satisfy of all of the statutory opt-out notice requirements under 47 U.S.C. § 227(b)(2)(D). For example, the opt-out notice fails to state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by 47 U.S.C. § 227(b)(2)(D)(ii).

17. On information and belief, Major was at all relevant times involved in the marketing of Montreal Import's services and products.

18. On information and belief, Major personally approved, authorized, and participated in the sending of the faxes by:

    a. ordering a list of potential customers' fax numbers to be purchased or compiled;

    b. instructing or overseeing Montreal Import's employees or third parties who sent the faxes; and

    c. developing or approving Montreal Import's fax marketing campaign.

19. Accordingly, Major is personally liable under 47 U.S.C. § 227 for Montreal Import's violations of the TCPA, which provides a private right of action against "any person."

20. Montreal Import sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

21. Montreal Import's products and services were advertised in the faxes, and Montreal Import derived an economic benefit from the transmission of the faxes.

22. Plaintiffs had no prior relationship with Montreal Import and did not consent to the receipt of the above-referenced (or any) fax advertisements from Montreal Import.

23. On information and belief, the faxes attached as Exhibits A-C were transmitted as part of mass broadcastings, or "blasts," of faxes.

24. There is no reasonable means by which Plaintiffs and Class members can avoid receiving unsolicited and unlawful faxes.

## V. CLASS ALLEGATIONS

25. Plaintiffs bring Counts I and III, as set forth below, on behalf of themselves and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**
All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants MontrealImport.com and Rene Major, Jr.

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26. Plaintiffs bring Count II, as set forth below, on behalf of themselves and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendants MontrealImport.com and Rene Major, Jr. with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

27. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

28. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

30. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Montreal Import engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. the manner in which Montreal Import compiled or obtained its list of fax numbers;

   c. whether Montreal Import violated the TCPA;

   d. whether Major is personally liable for Montreal Import's violations of the TCPA;

   e. whether Plaintiffs and the Class members had a right to the use of their fax machines, paper, and ink or toner;

   f. whether Defendants wrongfully assumed control over Plaintiffs' and the Class members' fax machines, paper and ink or toner;

   g. whether Defendants converted to their own use Plaintiffs' and the Class members' fax machines, paper, and ink or toner;

   h. whether Plaintiffs and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   i. whether Plaintiffs and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

j. whether Plaintiffs and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

31. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

32. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class members they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiffs and their counsel.

33. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

34. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.

By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### V. CLAIMS ALLEGED

#### COUNT I
#### Violation of the TCPA, 47 U.S.C. § 227
#### (On Behalf of Class One)

35. Plaintiffs incorporate by reference paragraphs 1-34 as if fully set forth herein.

36. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

37. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiffs and Class One.

38. As a result of Defendants' unlawful conduct, Plaintiffs and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

#### COUNT II
#### Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
#### (On Behalf of Class Two)

39. Plaintiffs incorporate by reference paragraphs 1-34 as if fully set forth herein.

40. Defendants' faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Specifically, the notice does:

    a. appear clearly and conspicuously on the first page of the fax, as required by § 227 (b)(2)(D)(i);

    b. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

    c. set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

    d. include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I); and

    e. comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

41. As a result of Defendants' unlawful conduct, Plaintiffs and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

### COUNT III
### Conversion
### (On Behalf of Class One)

42. Plaintiffs incorporate by reference paragraphs 1-34 as if fully set forth herein.

43. By sending unsolicited faxes to Plaintiffs and the other Class One members, Defendants converted to their own use Plaintiffs' and the other Class One members' paper, ink or toner, and the their fax machines components.

44. When Plaintiffs' and the other Class One members' fax machines printed the unsolicited faxes, their fax machine's components, ink or toner, and paper were used.

45. This loss of use constitutes an asset of economic value paid for by Plaintiffs and the other Class One members when they acquired their fax machines and its ink or toner.

46. Immediately prior to the sending of the unsolicited faxes, Plaintiffs and the Class One members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes

47. By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

48. Furthermore, Plaintiffs' and Class One's fax machine components suffered wear and tear when they were appropriated by Defendants to print their unsolicited faxes.

49. Such appropriation was wrongful and without authorization.

50. Defendants knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

51. Plaintiffs and the other Class One members were deprived of the paper, ink or toner, loss of performance of their fax machine components.

52. Accordingly, Plaintiffs and the other Class One members suffered damages as a result of receipt of the unsolicited faxes.

## VI.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Bruce Packaging, Inc. and Lauren Minniti, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiffs Bruce Packaging, Inc. and Lauren Minniti as the representatives of the Class, and appointing their counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Enjoining Defendants Montreal Import and Major from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: October 15, 2014                                Respectfully submitted,

BRUCE PACKAGING, INC. and LAUREN MINNITI, individually and on behalf of all others similarly situated

By: *s/ Joseph J. Siprut*
    One of the Attorneys for Plaintiffs
    And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State St.
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

4826-4076-2652, v. 2